IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
UNITED STATES OF AMERICA ex rel.  )
BERT BERRIOS #R27774,              )
                                   )
            Petitioner,            )
                                   )
    v.                             )   No. 06 C 5353
                                   )
JOHN CHAMBERS,                     )
                                   )
            Respondent.            )
```

MEMORANDUM OPINION AND ORDER

Bert Berrios ("Berrios") has filed a Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. §2254,[1] using the form provided by this District Court's Clerk's Office for persons in state custody. This sua sponte memorandum order, issued pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"), addresses some threshold problems posed by the Petition.

To begin with, Berrios concedes (Petition Pt. I ¶4) that he did not bring to the Illinois Supreme Court the first two claims that he attempts to present here (Petition Pt. III ¶¶1(A) and (B)), as is required by O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999). That failure constitutes a procedural default under which "a federal court may not grant habeas relief unless the petitioner 'can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or

---

[1] All further references to Title 28 provisions will simply take the form "Section--."

demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice'" (Anderson v. Cowan, 227 F.3d 893, 899 (7th Cir. 2000), quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)).

All that Berrios' Petition asserts in that respect is that his "[a]ppointed counsel refused request to file P.L.A. [petition for leave to appeal to the Illinois Supreme Court]" (Petition Pt. I ¶4(B)). That is certainly not an adequate showing of cause for his default and actual prejudice due to that default (Anderson, 227 F.3d at 900)--after all, any asserted flaws in the Illinois Appellate Court's affirmance of his conviction on direct appeal could readily have been presented by him pro se, just as he has filed his current Petition on his own behalf. Accordingly Berrios' first two claimed grounds for appeal are dismissed pursuant to Section 2254 Rule 4 under the authority of O'Sullivan v. Boerckel.

As for the rest of Berrios' Petition, he acknowledges that he has a pending state post-conviction petition that was filed in the Circuit Court of Cook County less than a month ago--on September 20 of this year (Petition Pt. II ¶1). What he seeks to do here is to file a protective Section 2254 proceeding because of his concern that his state court post-conviction effort may be rejected as untimely, thus depriving him of the benefit of Section 2254(d)(2)'s tolling of the one-year limitation period established by Section 2244(d)(1). Indeed, Berrios expressly

2

cites in that respect our Court of Appeals' opinion in Freeman v. Page, 208 F.3d 572 (7th Cir. 2000), in a sense fortifying the point made earlier that there was nothing to prevent Berrios from complying with O'Sullivan v. Boerckel on his own behalf as to his direct appeal.

Whether or not Berrios' safety-valve approach is sound cannot be determined at this time, for he has not seen fit to identify the constitutional claims that he hopes to adduce under Section 2254. Instead the Petition simply states that he has such claims without identifying them at all, saying only that he "requests the instant petition be held in abeyance pending resolution of timliness [sic] issue by Circuit court, lest he be barred from this court as well." That will not do. Berrios is instead ordered to file, on or before October 30, 2006, (1) a copy of his Circuit Court filing and (2) an amendment to the Petition that specifies all claims (other than the already-dismissed first two grounds) that he wishes this Court to address in this Section 2254 proceeding.[2] Failing such a timely filing, the Petition will be dismissed as inadequate.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 16, 2006

---

[2] This Court cannot of course express any view as to whether any such presently unidentified claims are also subject to dismissal pursuant to Section 2254 Rule 4 even if the current filing of the Petition calls for its resolution on the merits.