IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
BERT BERRIOS #R27774, )
 )
              Petitioner, )
 )
  v. )  No. 06 C 5353
 )
JOHN CHAMBERS, )
 )
              Respondent. )

MEMORANDUM ORDER

This Court's October 16, 2006 memorandum opinion and order ("Order I")(1) dismissed the first two claimed grounds for appeal advanced by 28 U.S.C. §2254[1] petitioner Bert Berrios ("Berrios") under the authority of O'Sullivan v. Boerckel, 426 U.S. 838, 844 (1999) and (2) directed Berrios to identify any other constitutional claims that he hoped to adduce under Section 2254 by providing a copy of his recently-filed state post-conviction petition. When Berrios had apparently failed to comply with the latter directive, this Court issued a brief November 6 order ("Order II") dismissing his Section 2254 Petition as inadequate.

It has turned out, however, that Berrios had made a good faith effort to comply with the October 30 deadline that Order I had set, but that he was the victim of some administrative deficiencies at the Danville Correctional Center (where he is in custody). Those deficiencies led to his properly-tendered

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

Amended Petition for Writ of Habeas Corpus ("Amended Petition") arriving in this District Court's Clerk's Office only after Order II had already issued.

Accordingly this Court has reviewed Berrios' Amended Petition as well as its attached exhibits, most importantly the photocopy of his Verified Petition for Post-Conviction Relief that he had filed in the Circuit Court of Cook County on October 3, 2006. Unfortunately for Berrios, that most recent filing confirms the appropriateness of the dismissal that this Court had decreed in Order II.

What Berrios' prior and current documents have revealed is that his conviction and sentence were affirmed by the Illinois Appellate Court on September 25, 2005 and, as he has acknowledged, that he had never filed a petition for leave to appeal to the Illinois Supreme Court. Under 725 ILCS 5/122-1(c) Berrios was required to have filed his state post-conviction petition in the state Circuit Court within six months after expiration of the short period allowed for filing such a petition for leave to appeal. Berrios clearly did not comply with that timetable--instead, as already stated, his state petition was not tendered to the Circuit Court until more than a year after the Appellate Court's September 2005 affirmance--on October 3, 2006.

That delay constitutes a procedural default that precludes any federal relief under Section 2254. For that purpose it is

irrelevant that Berrios' untimely post-conviction petition was not "properly filed" for purposes of Section 2244(d)(2). What controls instead is that such failure to tender the issues to the state courts in the first instance amounts to the type of procedural default--without any compliance with the required showing of cause and prejudice--that bars his effort to invoke Section 2254 (see, e.g., Brooks v. Walls, 279 F.3d 518 (7th Cir. 2002)).

It is true, as Brooks, id. at 521 says, that the State of Illinois might decide not to enforce its timeliness rules and could instead consider the untimely post-conviction petition on the merits (something that remains to be seen, for that petition is in its earliest stage--it is pending before the state Circuit Court).[2] But if that were to occur, the "properly filed" provision of Section 2244(d)(2) would then kick in, and at that point Berrios could seek to take advantage of the federal tolling provision to institute Section 2254 proceedings. For now, however, the already-described procedural default forecloses Berrios' current effort to seek federal habeas relief.

Accordingly Berrios' Amended Petition is dismissed. It should be added that this memorandum order expresses no view as to the viability or nonviability of Berrios' substantive claims

---

[2] Nothing in the opinion issued in Brooks following a second appeal in that case (301 F.3d 839 (7th Cir. 2002)) alters the analysis in the text.

as set out in the Amended Petition.

                                   _____
                                   Milton I. Shadur
                                   Senior United States District Judge

Date:  November 20, 2006